**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN GALLEGOS, | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 25 C 14421 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| WEILER, INC., and | ) | |
| ALTORFER, INC., | ) | |
| | ) | |
| *Defendants*. | | |

**OPINION AND ORDER**

Plaintiff Juan Gallegos brings this action against Weiler, Inc. ("Weiler") and Altorfer, Inc. (together, the "Defendants") alleging several claims of negligence stemming from an accident involving a paver machine. Weiler moves to dismiss Counts IV and V of the Complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 9). For the reasons below, the Court denies Weiler's Motion to Dismiss [9].

**BACKGROUND**

The following facts are set forth in the Complaint, except where noted, which the Court accepts as true for purposes of a motion to dismiss. *See Lax v. Mayorkas*, 20 F. 4th 1178, 1181 (7th Cir. 2021).

On October 7, 2024, Gallegos was working at a job site in Chicago, Illinois. (Ex. A, Dkt. 1-1 ¶ 6). He was standing on a platform attached to the right side of a paver, manufactured and sold by Weiler, Inc., while his boss, Roy Sanchez, was standing on the left side. (*Id.* ¶¶ 7, 13, 16). The paver has two levers, positioned side-by-side, to control the direction of the machine's movement. (*Id.* ¶ 8). When both levers are pushed forward, the paver moves forward. (*Id.* ¶ 9).

1

When both levers are pulled back, the paver moves backwards. (*Id.* ¶ 10). Sanchez turned on the power while the levers were not engaged. (*Id.* ¶ 11). When Sanchez turned the paver on, it malfunctioned and moved backwards towards a cement wall and post that were behind the machine on the right side, where Gallegos was standing. (*Id.* ¶¶ 11-12). The paver struck the post, causing the platform on the right side of the machine, which Gallegos was standing on, to bend upwards. (*Id.* ¶ 13). The upward movement of the platform "smash[ed]" both of Gallegos's feet. (*Id.*).

Gallegos alleges that the backwards movement of the paver that resulted in his injuries was caused by a malfunction in the paver. (*Id.* ¶¶ 11-12). He further asserts that there were no warnings on the platform that it may bend upwards if contacted by an object from the rear. (*Id.* ¶ 14). Additionally, he claims that there was no locking mechanism preventing the platform from bending upwards if it made contact with something while the paver was being operated in reverse. (*Id.* ¶ 15).

Gallegos brings six claims against Defendants: Product Liability – Bodily Injury (Count I); Negligence (Count II); Negligent Modification/Repair (Count III); Negligent Manufacture/Design (Count IV); Failure to Warn (Count V); and Negligent Service/Repair/Modification (Count VI). (*Id.* at 3-11). He claims that, as a result of Weiler's acts or omissions, he suffered severe and permanent injuries resulting in medical bills, lost wages, lost employment benefits and opportunities, pain and suffering, disability, disfigurement, and the loss of a norma life. (*Id.* at 11). The case was originally filed in the Circuit Court of Cook County, Illinois. (Ex. A, Dkt. 1-1). On November 25, 2025, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b). (Dkt. 1). Weiler now moves to dismiss Counts IV and V under Rule 12(b)(6). (Dkt. 9).

2

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). Specifically, "a plaintiff must allege 'enough facts to state a claim that is plausible on its face.'" *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, the moving party bears the burden of establishing the insufficiency of the plaintiff's allegations.

**DISCUSSION**

Weiler seeks dismissal of Counts IV and V of the Complaint on the grounds that they are duplicative. (Dkt. 9 at 1). It argues that Counts II and IV of the Complaint do not contain separate and distinct causes of action and, as such, are duplicates of the same negligence claim. (*Id.*). While the Motion is titled "Motion to Dismiss Counts IV and V of Plaintiff's Complaint at Law," Weiler makes no arguments as to why Count V should be dismissed. Accordingly, Weiler's motion to dismiss is denied as to Count V. *See Shales v. Gen. Chauffeurs, Salesdrivers & Helpers Loc. Union No. 330*, 2005 WL 8179183, at *1 (N.D. Ill. Aug. 17, 2005); *Promatek Indus., Ltd. v. Equitrac Corp.*, 185 F.R.D. 520, 525 (N.D. Ill. 1999).

3

A federal court sitting in diversity applies state substantive law and federal procedural law. *Mathis v. Metro. Life Ins. Co.*, 12 F.4th 658, 661 (7th Cir. 2021). The Federal Rules of Civil Procedure govern pleading requirements in federal question and diversity cases. *See Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, 2021 WL 767619, at *8 (N.D. Ill. Feb. 26, 2021) (citing *Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997)); *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir.2010).When a federal court applies state law, it must use the state law of the district where it sits. *Min v. Life Time Fitness, Inc.*, 2025 WL 2962520, at *2 (N.D. Ill. Oct. 16, 2025) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Here, that is Illinois.

Plaintiffs are permitted to plead alternate theories of liability. *Ponder v. Cnty. of Winnebago, Illinois*, 2021 WL 3269842, at *9 (N.D. Ill. July 30, 2021) (citing Fed. R. Civ. P. 8(d)(3)). Federal Rule of Civil Procedure 8(d)(2) provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). Additionally, a party "may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Yet, "[a]s a matter of judicial economy, courts should dismiss a claim if it is duplicative of another claim in the same suit." *Monroe v. Jewel Food Stores, Inc.*, 2023 WL 2018907, at *7 (N.D. Ill. Feb. 15, 2023); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Willis*, 2019 WL 13470923, at *6 (N.D. Ill. Apr. 17, 2019) ("It is well-settled that duplicative counts in a complaint may be properly dismissed.").

Claims are duplicative if they stem from identical allegations, are decided under identical legal standards, and for which identical relief is available. *Monroe*, 2023 WL 2018907 at *7. Even if based on same facts, counts are not duplicative if they require "different proof or seek different relief." *Cent. States*, 2019 WL 13470923 at *6 (citing *Freedom Mortg. Corp. v. Burnham Mortg.*,

Inc., 720 F. Supp. 2d 978, 992 (N.D. Ill. 2010)); *Fuller v. Dart*, 2022 WL 971998, at *4 (N.D. Ill. Mar. 31, 2022) (when determining whether claims are duplicative, court must consider whether any of the counts "allege the same facts, injury, and require proof of the same elements"). Weiler argues that Count IV of the Complaint is duplicative of Count II. (Dkt. 9 at 2-4). It views Count II as a "general negligence" claim and Count IV as a "negligent design and manufacture" claim. (*Id.* at 3). Weiler contends that Count IV should be dismissed as duplicative because the elements of a general negligence claim overlap with those of a negligent design and manufacture claim, and both counts are derived from the same operative facts and result in the same injury. (*Id.*).

Despite the titles of Count II ("Negligence") and Count IV ("Negligent Manufacture/Design"), the Court construes both Counts as product liability claims based on a negligence theory. Under Illinois law, a product liability action asserting a claim based on negligence, such as negligent design, negligent manufacture, or failure to warn, falls within the framework of common-law negligence. *See Calles v. Scripto-Tokai Corp.*, 224 Ill.2d 247, 270 (Ill. 2007). To state a negligence claim based upon a defective product, a plaintiff must establish the existence of a duty of care owed by the defendant, a breach of that duty, an injury that was proximately caused by that breach, and damages. *Id*. Thus, both Count II and IV require proof of the same elements.

Nonetheless, Counts II and IV are not duplicative of one another because they are premised on different facts and conduct. *See Scanlan v. Eisenberg*, 913 F. Supp. 2d 591, 597 (N.D. Ill. 2012) (counts were not duplicative where facts of one count were distinct from those of the other). In Count II, Gallegos claims that Weiler was negligent in the manufacture, design, and sale of the paver based on the alleged fact that it moved in reverse without the drive levers being engaged. (Ex. A, Dkt. 1-1 at 4). In Count IV, Gallegos claims that Weiler was negligent in the manufacture,

design, distribution, and sale of the paver based on the alleged fact that the rear step folded upward. (*Id.* at 6-7). As such, the Counts require different proof; Gallegos could state a claim under Count II adequately without any reference to the rear step, which is an essential component of Count IV. *See Sharma v. Bd. of Trs. of Univ. of Illinois*, 404 F. Supp. 3d 1183, 1196 (N.D. Ill. 2019) (rejecting argument that counts were duplicative).

Even though the Counts overlap factually and are based on the same theory of liability, since they do not rest on the same substantive foundation, they are not duplicative. *Monroe*, 2023 WL 2018907 at *7. It is also irrelevant that the Counts assert the same injuries because Gallegos will only be able to recover once for his asserted injuries. *F.D.I.C. v. Chicago Title Ins. Co.*, 2013 WL 791318, at *2 (N.D. Ill. Mar. 4, 2013) ("A plaintiff can pursue different causes of action based on the facts, though they can recover only once for the same injury") (citing *Freedom Mortg. Corp.,* 720 F.Supp.2d at 992). Accordingly, Count IV of the Complaint is not duplicative of Count II, and Weiler's motion to dismiss Count IV is denied.

## CONCLUSION

For the reasons set forth above, Weiler's Motion to Dismiss [9] is denied.

Virginia M. Kendall
United States District Judge

Date: March 6, 2026

6